W. S. FORBES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7141.   Promulgated July 8, 1927.

Cost of stock to petitioner in 1916 for the purpose of the determination of gain or loss upon the subsequent sale thereof in 1919, determined.

*A. E. James, Esq.,* and *James H. Rindfleisch, C. P. A.,* for the petitioner.
*Thomas P. Dudley, Jr., Esq.,* for the respondent.

The Commissioner determined a deficiency in income tax for the year 1919 in the amount of $158,213.88. The petitioner claims that the Commissioner erred in determining the cost in 1916 of the 4,000 shares of the capital stock of W. S. Forbes & Co., Inc., as the basis for his determination of gain or loss upon the sale of said shares for $757,500 in August, 1919.

### FINDINGS OF FACT.

Petitioner is a citizen and resident of Richmond, Va. For many years prior to December 30, 1916, he was engaged in business as a jobber of meat products in the City of Richmond. During 1908 he constructed a plant for the slaughter of hogs and cattle, the dressing of fresh meat and the curing of hams, the rendering of lard and other meat products. The cost of acquiring land for this plant was incurred personally by Forbes and was not charged as a portion of his business capital. The cost of land thus omitted from the books of account of the business amounted to $62,000.

Subsequent to the construction of the abattoir and manufacturing plant petitioner constructed an ice plant in that portion of the manufacturing plant located between Tenth and Eleventh Streets and fronting on Byrd Street in Richmond. The cost of this ice plant constructed in or about 1910 was $65,000, of which approximately $32,000 was paid from Forbes' personal funds and was not entered in the books of the business or capitalized as an asset thereof.

On December 30, 1916, the petitioner transferred the business as so carried on by him to a corporation bearing the name of "W. S. Forbes & Co., Inc." in exchange for $400,000 par value common capital stock of that corporation. The entire going business then conducted by petitioner at Tenth, Eleventh, and Byrd Streets, Richmond, and the abattoir on Hermitage Road in that city was so transferred, including therein the land and ice plant above mentioned. The buildings, cash, merchandise, inventory and accounts receivable, subject to accounts and bills payable.

The cash appearing on the books amounted to $87,224.90 and was cash actually on hand at that date. The inventory of merchandise stood on the books at that date at $326,155.21. This was current inventory and was reasonably worth $326,155.21 at December 30, 1916. The accounts receivable stood on the books at that date at $206,054.48, all of which were current accounts and were worth the said amount. The plant so carried on the books at December 30, 1916, amounted to $317,037.99 and this plant had a cost and a fair market value on December 30, 1916, of an amount substantially in excess of the said book value.

The corporation assumed and paid accounts payable in the amount of $26,860.60, and bills payable in the amount of $429,500.

The net worth of the business as shown by the books at the date of the transfer was $480,111.98. In exchange for the assets and going business transferred at December 30, 1916, capital stock in the amount of $400,000 par value was duly issued to and received by petitioner. The net worth of the business, as shown by the books of account, was transferred from petitioner's proprietorship account to capital stock in the amount of $400,000 and to surplus in the amount of $80,111.98.

The statement of the net worth was below the cost of the assets so transferred in that it did not include $62,000, the cost of the land, and $32,000, the cost of the ice plant, not entered on the books or capitalized at any time. The statement of the net worth was below the actual value of the assets transferred in respect of real estate, buildings and other structures and the going business as a whole. The land upon which the plants were situated, located at Tenth and Eleventh Streets between Byrd and Canal Streets, and transferred to the corporation, was reasonably worth on December 30, 1916, $65,220, and the land upon which the abattoir was built, located on Hermitage Road, was reasonably worth at said date $73,062.50, the total of said land value at the date amounting to $138,282.50.

The plants located upon the land, including a stable situated at Ninth and Byrd Streets and transferred to the corporation with the other property, were of the value on December 30, 1916, of $314,432 in their then condition and had a fair market value on that date of the said amount. This value included structural value only and did not include the value of equipment in the plants.

The equipment in the plants had on December 30, 1916, a fair market value of $135,000 as a part of the going plant and the going business.

The entire value of the property transferred by petitioner to the corporation, subject to its liabilities, was $750,788.49, as shown by the following statement.

*Minimum actual value of assets turned over*

| | | |
|---|---:|---:|
| Cash | $87,224.90 | |
| Inventory | 326,155.21 | |
| Accounts receivable | 206,054.48 | |
| Land | 138,282.50 | |
| Buildings | 314,432.00 | |
| Equipment | 135,000.00 | |
| | | $1,207,149.09 |

*Liabilities assumed and paid*

| | | |
|---|---:|---:|
| Accounts payable | $26,860.60 | |
| Bills payable | 429,500.00 | |
| | | 456,360.60 |
| Net worth December 30, 1916 | | 750,788.49 |

The actual fair market value of the entire going business transferred by petitioner operating under the name of W. S. Forbes & Co. to W. S. Forbes & Co., Inc., was $757,500 at December 30, 1916, and the cost of the 4,000 shares of stock received by petitioner in exchange for the assets and going business on December 30, 1916, was therefore $757,500.

On December 30, 1916, the books of account of W. S. Forbes & Co., operating as an individual, showed assets and liabilities and net worth as follows:

ASSETS

| | | |
|---|---|---|
| Cash | $87, 224. 90 | |
| Inventory | 326, 155. 21 | |
| Accounts receivable | 206, 054. 48 | |
| Plant | 317, 037. 99 | |
| | | $936, 472. 58 |

LIABILITIES

| | | |
|---|---|---|
| Accounts payable | $26, 860. 60 | |
| Bills payable | 429, 500. 00 | |
| | | 456, 360. 60 |

| | |
|---|---|
| Book net worth | 480, 111. 98 |

In August, 1919, petitioner sold the stock acquired by him in exchange for the assets transferred to W. S. Forbes & Co., Inc., at December 30, 1916, for $757,500.

On December 30, 1916, the principal market for the products of the business of the petitioner was Virginia, North Carolina and South Carolina. Between December 30, 1916, and August 1, 1919, branch houses were installed in the principal towns of North and South Carolina by the Swift, Armour, and Wilson companies. This resulted in a material reduction in the sale of products of W. S. Forbes & Co., Inc., in both North and South Carolina. This condition was reflected in the earnings of W. S. Forbes & Co., Inc., in 1917 and 1918, which showed a loss of $10,753.34 for the period October 31, 1917, to December 31, 1917, and a loss of $83,775.09 for the period ending October 31, 1918, as compared with the profit of $33,976.79 for the period ending October 31, 1917. On December 30, 1916, there was little, if any, available land in Richmond situated on railways or railroad sidings that would lend itself favorably to the requirements of a business such as that operated by the petitioner. Subsequent to December 30, 1916, additional railroad trackage was constructed making available a large area of land suitable for manufacturing purposes, which had a tendency to prevent a similar appreciation in value of the W. S. Forbes land to that which characterized the general appreciation of land values throughout that section of the country during the period from 1916 to 1919.

In his determination of the deficiency involved in this proceeding the Commissioner used the book net worth of petitioner's business as

above shown of $480,111.98 without regard to the actual value of the assets and business at the time of the transfer to the corporation on December 30, 1916, and determined that the petitioner realized a profit upon the sale by him of his stock in 1919 of the difference between the sales price of $757,500 and the book net worth of the business of $480,111.98, to wit, $277,388.02.

OPINION.

LITTLETON: The Commissioner based his determination of the profit on the sale by the petitioner of the stock of W. S. Forbes & Co., Inc., upon the book net worth of the property and business transferred to the corporation in 1916. The petitioner instituted this proceeding claiming that the Commissioner's determination of the cost of the stock was erroneous, and has submitted to the Board much competent evidence in support of his contention. The petitioner testified in detail concerning the cost and values of the various properties and the business, and, in addition, called ten witnesses who testified concerning the circumstances surrounding the business and the value of the assets transferred to the corporation in 1916.

From a consideration of all of the evidence submitted, which is specific and in great detail, and unnecessary to be here set forth, the Board is of the opinion that the fair market value of the assets and business transferred to W. S. Forbes & Co., Inc., by the petitioner on December 30, 1916, was $757,500. This value therefore represented the cost to the petitioner of the stock of W. S. Forbes & Co., Inc., which he sold in August, 1919, for $757,500. The petitioner therefore realized no taxable gain upon the sale of this stock and the Commissioner was in error in holding that he realized a profit of $277,388.02.

*Judgment will be entered for the petitioner upon the issue raised on 10 days' notice, under Rule 50.*